**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **TERRY J. WOODRUFF, JR.,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | Civil Action No. 1:09-CV-237-C | |
| § | ECF | |
| § | | |
| **MICHAEL J. ASTRUE,** § | | |
| **Commissioner of Social Security,** § | | |
| § | | |
| Defendant. § | Assigned to U.S. Magistrate Judge | |

**MEMORANDUM OPINION AND ORDER**

**THIS CASE** is before the court upon Plaintiff's complaint filed December 28, 2009, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and for supplemental security income ("SSI") benefits under Title II and Title XVI of the Social Security Act. Plaintiff filed a brief in support of his complaint on April 1, 2010, and Defendant filed a brief on April 28, 2010. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on December 30, 2009 (Doc. 6), and March 2, 2010 (Doc. 11). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be reversed and that this case should be remanded for further administrative proceedings.

**I. STATEMENT OF THE CASE**

Plaintiff protectively filed applications for disability insurance benefits and for SSI benefits on February 28, 2006, alleging disability beginning October 15, 2003. Tr. 12. Plaintiff's applications were denied initially and upon reconsideration. Tr. 12, 68-81. Plaintiff filed a Request

for Hearing by Administrative Law Judge on November 8, 2006, and this case came for hearing before the Administrative Law Judge ("ALJ") on July 1, 2008. Tr. 12, 22-57. Plaintiff, represented by an attorney, testified in his own behalf. Tr. 27, 35-51. Dr. Ollie D. Raulston, Jr., a medical expert ("ME"), and Clifton A. King, Jr., a vocational expert ("VE"), appeared and testified as well. Tr. 27-34, 51-55. The ALJ issued a decision unfavorable to Plaintiff on October 31, 2008. Tr. 9-21.

In her opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. She found that Plaintiff met the disability insured status requirements through December 31, 2008, and that Plaintiff had not engaged in substantial gainful activity at any time since October 15, 2003. Tr. 12, 14. Plaintiff has "severe" impairments, including degenerative disc disease, C4 through C7, and arthritis, unspecified. Tr. 14. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. Tr. 16. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, she must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 17.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning his impairments and their impact on his ability to work were not entirely credible. *Id.*

The ALJ found that Plaintiff could not return to his past relevant work as a shipping/receiving supervisor; sales representative, electronics; manager, fast food; and assistant

manager, fast food. Tr. 19. She noted that Plaintiff was considered a "younger individual" with a high school education. 20 C.F.R. §§ 416.963, 416.964; Tr. 19.

The ALJ found that Plaintiff retained the RFC to perform the requirements of light work activity. The Plaintiff can lift/carry 10 pounds frequently and 20 pounds occasionally; walk/stand for 6 out of 8 hours; sit for up to 6 hours with normal breaks; bend, stoop, kneel, and crouch occasionally; and balance and kneel frequently. There can be no crawling; no continual looking up and continual neck movement; and no exposure to extreme cold or heavy industrial vibration. Tr. 16. Having found that Plaintiff could not perform the full range of light work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite his severe impairments. Tr. 19-20. She relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of industrial order clerk, with 4,100 jobs in Texas and 160,000 jobs nationally; contact clerk, utilities, with 3,500 jobs in Texas and 130,000 jobs nationally; and time keeper, with 4,000 jobs in Texas and 115,000 jobs nationally. *Id.* The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of her decision. Tr. 20-21.

Plaintiff submitted a Request for Review of Hearing Decision/Order on November 18, 2008. Tr. 7-8. After granting a 45-day extension, the Appeals Council denied Plaintiff's request and issued its opinion on November 4, 2009, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 1-6. The ALJ's decision, therefore, became the final decision of the Commissioner.

On December 28, 2009, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy. Tr. 20-21.

## III. DISCUSSION

Plaintiff claims that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence because the ALJ failed to follow the treating physician rule, the ALJ failed to properly evaluate Plaintiff's credibility, and the ALJ relied upon flawed VE testimony. Plaintiff argues that the ALJ rejected the opinion of his treating physician regarding the limitations imposed by his impairments and improperly gave controlling weight to the opinion of the non-examining ME. He argues that the ALJ erred in rejecting his subjective complaints in making the credibility finding. He also argues that testimony of the VE, relied upon by the ALJ at step 5 of the sequential evaluation analysis, cannot constitute substantial evidence because the hypothetical question posed to the VE failed to reflect all of the limitations imposed by Plaintiff's impairments.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A.     Whether the ALJ erred in evaluating and weighing the opinion of Dr. Teresa H. Kinsfather.**

Plaintiff alleges that the ALJ erred in evaluating and weighing the opinion of Dr. Kinsfather regarding the limitations imposed by his impairments, instead relying upon the opinion of the ME in formulating his RFC finding. Plaintiff argues that as a treating physician, Dr. Kinsfather's opinion is entitled to controlling weight.

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques

and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). On the other hand, "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456.

Unless the Commissioner gives a treating source's opinion controlling weight, the Commissioner will consider six factors in deciding the weight to give to any medical opinion. 20 C.F.R. § 404.1527(d). The Fifth Circuit held in *Newton* that "an ALJ is required to consider each of the [six] factors before declining to give any weight to the opinions of the claimant's treating specialist." 209 F.3d at 456.[1] Pursuant to Soc. Sec. Ruling 96-2p (July 2, 1996) ("SSR 96-2p"), and 20 CFR §§ 404.1527(a) and 416.927(a), "medical opinions" are opinions about the nature and severity of an individual's impairment(s) and are the only opinions that may be entitled to controlling weight. The requirement that the ALJ discuss the six factors set forth in *Newton* and 20 C.F.R. § 404.1527(d) applies only to medical opinions and does not apply to conclusory statements that a claimant is disabled. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). The opinion of a treating source is generally given more weight than a non-examining source. 20 C.F.R. § 404.1527(d)(1).

Good cause to disregard the opinions of a treating physician is found where such opinions "are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir.

---

[1] In unpublished decisions the Fifth Circuit has noted that the ALJ need not consider these six factors when there is competing first-hand medical evidence and where the ALJ finds that one doctor's opinion is more well-supported than that of another treating or examining physician. *See*, *e.g.*, *Ward v. Barnhart*, 192 Fed. Appx. 305, 308 (5th Cir. 2006); *Walker v. Barnhart*, 158 Fed. Appx. 534 (5th Cir. 2005). However, this is not a case involving competing first-hand medical evidence.

2001). SSR 96-2p provides that a medical source statement from a treating source which is well-supported by medically acceptable evidence and which is not inconsistent with other substantial evidence in the record is entitled to controlling weight. *See* SSR 96-2p. This ruling further explains:

> It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record.

*Id.* The ALJ may also reject a treating physician's opinion if he finds, with support in the record, that the physician is not credible and is "leaning over backwards to support the application for disability benefits." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) (citing *Whitney v. Schweiker*, 695 F.2d 784, 789 (7th Cir. 1982)).

Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has the sole responsibility for determining a claimant's disability status and is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. Tex. 1995) (internal citations and quotation omitted). "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.*

In her opinion the ALJ found that Dr. Kinsfather does not appear to be a current treating physician. She evaluated Dr. Kinsfather's opinion and noted that "Dr. Kinsfather is sympathetic to the claimant," and has known the claimant for over twenty years. Tr. 18. The ALJ specifically found that Dr. Kinsfather's opinion, as set forth in an undated letter, was probative, but further found that

her contemporaneous treatment notes did not support a finding of a disabling impairment. *Id*. The ALJ also noted that "[t]o the extent that her opinion ventures into the realm of the vocational expert, it is discounted." *Id*.

> Pursuant to 20 C.F.R § 404.1502,
>
> Treating source means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s). We may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s).

20 CFR § 404.1502.

In her opinion the ALJ set forth her reasons for giving Dr. Kinsfather's opinion less weight than that of the ME. The ALJ found that Dr. Kinsfather was not a treating physician. She found that her contemporaneous treating notes and those of the other treating sources did not support a finding of a disabling impairment.

Clearly, "the ALJ cannot reject a medical opinion without an explanation." *Loza*, 219 F.3d at 395. Here, the ALJ adequately explained her reason for failing to give Dr. Kinsfather's opinion regarding the limitations imposed by Plaintiff's impairments and demonstrated good cause for doing so. In *Newton* the Fifth Circuit confirmed that "'the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." 209 F.3d at 455 (citing *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994)). Moreover, the ALJ appropriately found that it did not appear that Dr. Kinsfather had a continuing role as Plaintiff's treating physician, discussing the nature and length and frequency of Plaintiff's treating relationship with Kinsfather, and she specifically addressed the supportability and consistency of her opinion with the evidence of record.

*See* 20 C.F.R. § 404.1527(d)(1)-(6). The court finds that the ALJ did not err by failing to accord controlling weight to Dr. Kinsfather's opinion nor did she err by according greater weight to the opinion of the ME.

**B.      Whether the ALJ erred in making her credibility determination.**

Plaintiff argues that the ALJ erred in making her credibility determination by making an inadequate analysis in discounting Plaintiff's subjective complaints and, as a result, erred in making her RFC determination and in formulating the hypothetical question posed to the VE.

Pursuant to SSR 96-7p, the adjudicator is required to go through a two-step process in evaluating a claimant's symptoms. The ALJ must first:

> consider whether there is an underlying medically determinable physical or mental impairment . . . that could reasonably be expected to produce the individual's pain or other symptoms . . . . Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p.

The ALJ may consider various factors in assessing a claimant's credibility, including the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; any palliative measures used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *Id.*

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987).

In her opinion the ALJ found that Plaintiff's underlying medically determinable impairments could reasonably be expected to cause the alleged symptoms, and she further found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not credible to the extend that they were inconsistent with the RFC.

In her opinion the ALJ noted Plaintiff's consistent reports of chronic pain, and his treatment by a pain management physician, as well as "typically" showing upon examination mild weakness and restriction of range of motion. Tr. 14-15. The ALJ noted that conduction studies and findings were consistent with mild carpal tunnel syndrome. Tr. 15. The ALJ noted findings of pain upon examination as well. *Id*. The ALJ noted a supported diagnosis of arthritis. The ALJ found that Plaintiff's statements concerning the limitations imposed by his impairments are "not entirely credible," and further found that "there is no basis for finding [that] he would suffer significantly limiting pain at the restricted light exertional level." Tr. 17. The ALJ essentially adopted the opinion of the ME in formulating his RFC assessment.

Clearly, there must be evidence in the record to support the ALJ's RFC determination. The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Social Security Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and the reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. SSR 96-8p. As noted in SSR 96-8p,

> RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule. RFC does not represent the least an individual can do despite his or her limitations or restrictions, but the most.

While the record indicates that the ALJ incorporated limitations in the RFC assessment to reflect the opinion of Dr. Raulston and found that Plaintiff's subjective allegations of pain and limitations imposed therein were not entirely credible, the ALJ did not point out the specific evidence in the record which led to her adverse credibility finding. The ALJ did not give credence to Plaintiff's reports of his daily activities and symptoms. However, in her opinion the ALJ also did not point to the evidence in the record she relied upon when making this determination. The ALJ did not discuss the various factors noted by SSR 96-7p, such as the individual's daily activities (the ALJ did not accept such reports and testimony of Plaintiff's daily activities); and the location, duration, frequency, and intensity of the individual's pain or other symptoms, other than noting that

Plaintiff was under the care of a pain management specialist who indicated that medication was helpful. The ALJ did not discuss any factors that precipitate and aggravate the symptoms other than finding that exertion at a heavier level than the RFC may exacerbate Plaintiff's symptoms. The ALJ also failed to discuss other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

The ALJ ultimately found that Plaintiff's subjective complaints were not credible because they conflicted with her RFC finding. The ALJ did not point to the evidence in the record, other than the opinion of the non-examining ME, which supported her RFC finding. The ALJ's opinion fails to set forth substantial evidence to support her credibility determination and her RFC finding. As a result, the hypothetical question posed to the VE is also flawed.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). The ALJ incorporated the limitations found in formulating her RFC into the hypothetical question posed to the VE. However, as noted above, both the credibility determination and the resulting RFC are flawed and not supported by substantial evidence of record. As a result,

the hypothetical question posed to the VE may not have reasonably incorporated all of the disabilities of the claimant. *See Bolling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994).

The court finds that the ALJ erred in making her credibility determination, leading to an RFC that was not supported by substantial evidence in the record. As a result, the question posed to the VE was also flawed. For these reasons, the ALJ's opinion is not supported by substantial evidence. Remand for additional administrative action is thus appropriate in this case.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court finds that the ALJ's opinion is not supported by substantial evidence in the record and that the Commissioner's decision should be reversed and remanded for further administrative proceedings as noted herein.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner denying Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income is **REVERSED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED**. Upon remand, the ALJ should further consider Plaintiff's credibility and the limitations imposed by his impairments, and whether he retains the RFC to perform work which exists in the national economy.

A judgment in accordance with this decision shall be entered.

**SO ORDERED.**

DATED this 29th day of March, 2011.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**